

FILED

AUG 2 3 2005

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| TIMEPLANNER CALENDARS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NORWOOD OPERATING COMPANY, LLC, d/b/a Norwood Promotional Products, | ) ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**

Plaintiff Timeplanner Calendars, Inc. ("Timeplanner"), by its undersigned counsel, complains against the Defendant Norwood Operating Company, LLC, d/b/a Norwood Promotional Products ("Norwood"), as follows:

### Parties

1.     Timeplanner is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. Timeplanner, or its predecessor in interest, have been in the business of manufacturing, marketing, and selling personalized promotional products, including calendars, diaries, appointment books, and other time management aids, since 1971. Timeplanner markets and sells these products in this federal district and in interstate commerce.

2.     Norwood is a Delaware corporation with its principal place of business in Indianapolis, Indiana. Norwood is in the business of preparing, marketing, and selling custom advertisements and custom promotional products for others, including, among other items, calendars, diaries, and appointment books. Founded in 1989, Norwood markets itself today as

the largest supplier of promotional products. Norwood does business in this federal district and in interstate commerce.

## Jurisdiction and Venue

3.     The claim asserted in Count I arises under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). This Court has subject-matter jurisdiction over Count I pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1338.

4.     The claim asserted in Count II arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject-matter jurisdiction over Count II pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1338.

5.     The claim asserted in Count III arises under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). This Court has subject-matter jurisdiction over Count III pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1338.

6.     The claims asserted in Counts IV and V are brought pursuant to the law of the State of North Carolina and arise out of a common nucleus of operative facts with the claims asserted in Counts I, II, and III. This Court has supplemental subject-matter jurisdiction over Counts IV and V pursuant to 28 U.S.C. § 1338(b), and/or 28 U.S.C. § 1367(a).

7.     Venue in the Raleigh Division of this judicial district is proper under 28 U.S.C. § 1391, because Norwood does business in this division, Norwood has infringed on Timeplanner's trademark in this division, and Norwood is subject to personal jurisdiction in this division.

## Factual Allegations

8.     Timeplanner manufactures, markets, and sells promotional time management products, such as calendars, diaries, and appointment books throughout the United States and in

interstate commerce. Since at least 1975, Timeplanner has used the trademark "TIMEPLANNER" in connection with the marketing and sale of its weekly and monthly wall, pocket, and desk calendars, diaries, and appointment books, which are typically personalized with the name or logo of a business.

9.     In 1982, TOB, Inc., a predecessor in interest of Timeplanner, obtained registration number 1,186,653 for its trademark "TIMEPLANNER" from the United States Patent and Trademark Office. A copy of this registration is attached as Exhibit 1. The TIMEPLANNER® registration has been maintained since that date, and the mark is now incontestable and therefore valid. Timeplanner became owner of the TIMEPLANNER® registration by virtue of the change of name of TOB, Inc. to Timeplanner Calendars, Inc., which was recorded in the U.S. Patent and Trademark Office at Reel 0818, Frame 0678 on October 7, 1991.

10.     In or about 1982, Timeplanner began use of the trade name "Timeplanner Calendars" or "Timeplanner Calendars, Inc." (collectively, "Timeplanner Calendars) to identify its business in connection with the marketing and sale of personalized promotional calendars, diaries, and appointment books.

11.     Timeplanner's distinctive trade name and trademark helps consumers identify its products with Timeplanner. Timeplanner has used this particular trademark continuously in commerce for more than thirty years, and has used its trade name continuously in commerce for more than 15 years. Timeplanner has reinforced through advertising the association between its products and its trade name and trademark. One example of Timeplanner's use of the TIMEPLANNER® mark and the Timeplanner Calendars trade name is attached as Exhibit 2.

12.     From 1982 to the present, Timeplanner has invested several million dollars in advertising to promote the TIMEPLANNER® mark and the Timeplanner Calendars trade name

and developed a high degree of consumer awareness of the TIMEPLANNER® mark and Timeplanner Calendar trade name as an indicator of the source of high quality personalized calendars, diaries, and appointment books.

13.     Norwood has recently been marketing and selling calendars identified by the name "Time Planner." In its 2006 product catalog for "Style-Rite Planners" (attached as Exhibit 3), Norwood identifies two product items, numbers 8102 and 8104, with the name "Time Planner." These products are functionally very similar to those offered by Timeplanner under the TIMEPLANNER® mark and the Timeplanner Calendars trade name, are very similar in appearance to those offered by Timeplanner, and are being sold in direct competition with the products manufactured by Timeplanner.

14.     Norwood has chosen a name or trademark for its products that is identical in sound and virtually identical in appearance to Timeplanner's TIMEPLANNER® mark and identical in sound and virtually identical in appearance to the dominant element of its Timeplanner Calendars trade name, and is therefore substantially and confusingly similar to the trademark and trade name used by Timeplanner to market and sell its products.

15.     Norwood's use of this substantially and confusingly similar name or trademark in conjunction with the sale of calendars which appear to be almost identical in nature and function to those sold by Timeplanner is likely to cause confusion, deception, and mistake among the purchasing public and others.

16.     Upon information and belief, Norwood's use of the above-described name or trademark in conjunction with the marketing and sale of calendars similar in nature and function to those sold by Timeplanner, bearing a substantially and confusingly similar name or trademark,

and marketed to the same or similar customers, has caused and/or will cause actual confusion, deception, and mistake among the purchasing public and others.

17.     Upon information and belief, Norwood consciously and deliberately selected a name or trademark confusingly similar to the trademark used by Timeplanner in order to confuse and deceive the purchasing public, and in order to take advantage of the association with quality which Timeplanner has created for its TIMEPLANNER® trademark and its Timeplanner Calendars trade name.

18.     Norwood's current and threatened use of Timeplanner's trademark and the dominant portion of its trade name constitutes a false designation of origin.

19.     Norwood's current and threatened use of Timeplanner's trademark and the dominant portion of its trade name is likely to cause the public wrongly to associate Norwood with Timeplanner, to think that Norwood is affiliated with or sponsored by Timeplanner, and to confuse Norwood and its "Time Planner" products with Timeplanner and its TIMEPLANNER® products.

20.     Norwood's current and threatened use of Timeplanner's trademark and the dominant position of its trade name is likely to cause injury to the public.

21.     Norwood's current and threatened use of Timeplanner's trademark and the dominant portion of its trade name is likely to gain market acceptance for Norwood's products by trading unfairly on the merit, reputation, and goodwill built up by Timeplanner's extensive use of and sales under the TIMEPLANNER® mark and its Timeplanner Calendars trade name, and the extensive advertising and promotion of the trademark for Timeplanner's products for more than 30 years.

22.     Norwood's current and threatened use of Timeplanner's trademark is likely to tarnish and injure Timeplanner's business reputation and to dilute the distinctive quality of Timeplanner's trademark as developed by Timeplanner over many years of extensive use, advertising, and promotion.

23.     Norwood's aforesaid acts have caused and are causing irreparable injury to Timeplanner and, unless such acts are restrained by this Court, they will be continue and Timeplanner will continue to suffer irreparable injury for which Timeplanner has no adequate remedy at law.

**Count I**
**(Trademark Infringement in Violation of Section 32(1) of the Lanham Act)**

24.     Timeplanner realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 above, as though fully set forth herein.

25.     Norwood is using in commerce reproductions, counterfeits, copies, and/or colorable imitations of Timeplanner's registered mark – TIMEPLANNER® – in connection with the sale, offering for sale, distribution, and advertising of goods, and such use is likely to cause confusion, or to cause mistake, or to deceive.

26.     Norwood is reproducing, counterfeiting, copying, and/or imitating Timeplanner's registered mark – TIMEPLANNER® – and applying such reproductions, counterfeits, copies, and/or imitations to advertisements and other materials intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods, and such use is likely to cause confusion, or to cause mistake, or to deceive.

27.     Norwood's acts as alleged herein constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## Count II
## (Unfair Competition in Violation of Section 43(a) of the Lanham Act)

28.    Timeplanner realleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.    Timeplanner's use of a confusingly similar name or trademark as Timeplanner's mark and the dominant portion of its trade name, in the manner and circumstances described above, constitutes unfair competition and use of a false designation of the origin of Norwood's products, and such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## Count III
## (Dilution Under Section 43(c) of the Lanham Act)

30.    Timeplanner realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31.    Norwood's use of Timeplanner's famous TIMEPLANNER® trademark in the aforesaid manner and circumstances in connection with the sale of calendars and other time management products is causing and will cause dilution of the distinctive quality of Timeplanner's famous mark, and constitutes a violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

32.    Upon information and belief, at all relevant times, Norwood acted with a willful intent to trade on Timeplanner's reputation and to cause dilution of Timeplanner's famous mark.

## Count IV
## (Unfair Competition Under North Carolina Law)

33.    Timeplanner realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 above as though fully set forth herein.

RAL 315217v1

34.    Norwood has adopted the above-described name or trademark with the intent to deceive or cause confusion or mistake among the purchasing public between the time management products marketed by Timeplanner and those marketed by Norwood.

35.    Norwood's use of a confusingly similar name or trademark in the aforesaid manner and circumstances in connection with the sale of calendars and other time management products in North Carolina constitutes unfair competition under the common law of North Carolina.

36.    Timeplanner has suffered and/or will suffer damages as a result of the use by Norwood of the above-described unfair methods of competition.

37.    Upon information and belief, the acts of Norwood as alleged herein were intentional, willful, wanton and reckless, and done with malice and a conscious disregard for the rights of Timeplanner.

**Count V**
**(Unfair and Deceptive Trade Practices Under N.C.G.S. § 75-1.1)**

38.    Timeplanner realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 above as though fully set forth herein.

39.    Norwood's use of a confusingly similar name or trademark in the manner and circumstances described above in connection with the sale of calendars and other time management products in North Carolina constitutes unfair competition and an unfair or deceptive act or practice in or affecting commerce, in violation of N.C.G.S. § 75-1.1.

40.    Timeplanner is entitled to recover treble its damages, pursuant to N.C.G.S. § 75-16.

41.    Upon information and belief, Norwood willfully engaged in the conduct alleged herein.

RAL 315217v1

42.     Timeplanner is entitled to recover its attorneys fees pursuant to N.C.G.S. § 75-16.1.

## Prayer for Relief

WHEREFORE, Timeplanner requests that this Court grant the following relief:

(1)     that this Court issue an Order granting permanent injunctive relief enjoining Norwood, its agents, servants and employees and all those subject to its control, from using the above-described name or trademark, or any other confusingly similar word or words, in connection with the marketing and sale of calendars, diaries, appointment books, or other time management products;

(2)     that pursuant to 15 U.S.C. § 1117, this Court enter judgment against Norwood in an amount equal to the profits realized by Norwood from the sale of its infringing goods;

(3)     that pursuant to 15 U.S.C. § 1117, this Court assess the damages incurred by Timeplanner due to the use by Norwood of the above-described false designation of origin, and infringement and dilution of Timeplanner's registered mark and trade name, and that this Court enter judgment against Norwood and treble the amount of such damages;

(4)     that pursuant to 15 U.S.C. § 1117, this Court award Timeplanner the costs of this action;

(5)     that pursuant to 15 U.S.C. § 1117, this Court award Timeplanner its reasonable attorneys' fees incurred in this action;

(6)     that pursuant to 15 U.S.C. § 1118, this Court order that all calendars or other time management products, signs, prints, packages, wrappers, receptacles and

advertisements in the possession of Norwood, its agents, servants and employees and all those subject to its control, bearing the herein above-described false designation of origin, be delivered up to the Court or to Timeplanner and be destroyed;

(7)     that pursuant to North Carolina common law, this Court assess the damages suffered by Timeplanner as a result of the actions by Norwood and enter a judgment against Norwood for said amount, including an award for punitive damages;

(8)     that pursuant to N.C.G.S. §§ 75-1.1 and 75-16, this Court assess the damages incurred by Timeplanner as a result of Norwood's conduct, enter a judgment against Norwood in such amount, and treble the amount of such damages;

(9)     that pursuant to N.C.G.S. § 75-16.1, this Court award Norwood its reasonable attorneys' fees incurred in this action; and

(10)    that this Court grant Timeplanner such other and further relief as is just and proper under the circumstances.

## Jury Demand

Timeplanner demands a trial by jury on all issues so triable.

This the 23rd day of August, 2005.

By:     _Cynthia L. Wittmer_

Cynthia L. Wittmer
N.C. State Bar No. 1009
Attorney for Plaintiff
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street Mall, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 828-0564
Facsimile: (919) 834-4564

Int. Cl.: 16

Prior U.S. Cls.: 37 and 38

## United States Patent and Trademark Office

Reg. No. 1,186,653
Registered Jan. 19, 1982

## TRADEMARK
### Principal Register

## TIMEPLANNER

TOB, Inc. (North Carolina corporation)
2730 N. Graham St.
Charlotte, N.C. 28206

For: WALL CALENDARS, DESK PLANNING CALENDARS, POCKET PLANNING CALENDARS, DIARIES, AND APPOINTMENT BOOKS, in CLASS 16 (U.S. Cls. 37 and 38).

First use Feb. 12, 1974; in commerce Feb. 12, 1974.

Ser. No. 218,272, filed Jun. 4, 1979.

J. H. WEBB, Primary Examiner



EXHIBIT

1





EXHIBIT
2

# Journal books

# TIMEPLANNER CALENDARS

HOME
HOME
DISTRIBUTOR LOGIN | NEW ITEMS | SPECIALS/CLOSEOUTS | FAQ's | ART REQUIREMENTS | REPRESENTATION

PRODUCTS                                                    SEARCH [        ] Search

Advanced Search

Horizontal Monthly
(Analyst)

Vertical Monthly
(President)

Appointment Weekly
(Weekly Organizer)

Planner Weeklys
(Xeoplanners)

Leather Weekly Planners

Cover Options

JournalBook Products

Bookmark this site

**Timeplanner Calendars Inc.**
"Quality you can Plan On!"©

Since 1971 Timeplanner
Calendars has been helping
large and small companies
promote their business for
only pennies a day. Time
management in a personal
and portable format has
proven to be one of the best
ways to keep your name in
front of your target
audience...every day!



For problems with this site please contact sales@timeplanner.net.
Terms & Conditions © 2005 Journalbooks®, Div. of Timeplanner® Calendars, Inc.



**Style-Rite Planners**
Professional Business Solutions **NORWOOD**

EXHIBIT
_3_

# The Art of Communication

Effective November 1, 2004 for the 2005 Selling Season.

# 2006

For a list of discontinued items, please visit
www.norwood.com

## MONTHLY & WEEKLY POCKET PLANNERS

| Number | Name | Page Number |
|--------|------|-------------|
| 8001 | Monthly Pocket Planner | 4 |
| 8002 | Colorful Impressions Monthly Pocket Planner **(NEW)** | 4 |
| 8051 | Classic Weekly Pocket Planner | 4 |
| 8052 | Standard Weekly Pocket Planner | 5 |

## DAILY & WEEKLY PLANNERS

| Number | Name | Page Number |
|--------|------|-------------|
| 8101 | Classic Time Manager | 5 |
| 8102 | Weekly Time Planner | 7 |
| 8103 | Classic Weekly Desk Planner | 5 |
| 8104 | Hardcover Weekly Time Planner **(NEW)** | 7 |
| 8125 | Classic Weekly Planner | 6 |
| 8126 | Select Weekly Planner | 6 |

## MONTHLY DESK PADS

| Number | Name | Page Number |
|--------|------|-------------|
| 6500 | Desk Pad (Red & Black) | |
| 6501 | Desk Pad (Red & Black) with Vinyl Corners | |
| 6502 | Flag Desk Pad | |
| 6503 | Desk Pad (Blue & Black) **(NEW)** | |
| 6504 | Desk Pad (Blue & Black) with Vinyl Corners **(NEW)** | |
| 6550 | Vinyl Desk Pad | |
| 6551 | Scenic Desk Pad | |
| 6552 | Motivations Desk Pad | |

## NON-DATED JOURNALS & NOTEBOOKS

| Number | Name | Page Number |
|--------|------|-------------|
| 8210 | Pocket Organizer **(NEW)** | |
| 8220 | Reporters Notebook **(NEW)** | |
| 8221 | Colorful Impressions Reporter Notebook **(NEW)** | |
| 8250 | Classic Notebook | |
| 8251 | Hardbound Notebook | |
| 8252 | Colorful Impressions Notebook **(NEW)** | |
| 8270 | Leather Journal **(NEW)** | |
| 8330 | Colorful Impressions Journal **(NEW)** | |
| 8340 | Hardbound Journal **(NEW)** | |

## CUSTOM ITEMS

| Number | Name | Page Number |
|--------|------|-------------|
| CUST 650 | Two-Color Desk Pad | |
| CUST 655 | Four-Color Desk Pad | |
| CUST 802 | Pocket Planner | |
| CUST 815 | Twin-Looped Planner | |
| CUST 820 | Stapled Planner | |
| CUST 834 | Journal with Four-Color Cover | |
| CUST 870 | Horizontal Stick Strip | |
| CUST 871 | Vertical Stick Strip | |
| | Custom Wrap and Insert Sheets | |



**NEW,
LOWER PRICE!**

8102

| EACH THROUGH 7-1-05 | 50 | 100 | 250 | 500 | 750 | 1000 | 2500 |
|---|---|---|---|---|---|---|---|
| | 11.76 | 11.01 | 9.41 | 8.05 | 7.89 | 7.17 | 6.48 |
| AFTER 7-1-05 | 12.37 | 11.49 | 9.85 | 8.46 | 8.27 | 7.52 | 6.81 |

2a5b

Standard Leatherette Colors — Black, Navy, Burgundy

Lizard Leatherette Colors — Onyx, Royal, Red

## 8102
## WEEKLY TIME
## PLANNER

**Size:** 9" x 11" Closed; 18" x 11" Open.
**Approximate Shipping Weight:** 69 lbs. per 100, bulk.
**Standard Imprint Size:** 7" x 2" on outside front cover.
**Standard Imprint Colors:** Metallic Gold or Metallic Silver.
**Note:** "2006 Planner" is included as standard copy on top of front cover.
**Each Additional Color:** $21.00(G) set-up charge plus $.12(G) each running cost.
**Change of Copy:** $21.00(G) each.
**Packaging Options:** See page 21.
**Personalization:** See page 25.
**Cover:** Leatherette or Lizard Leatherette.





## 8104
## HARDCOVER
## WEEKLY TIME
## PLANNER

**Size:** 9" x 11" Closed; 18" x 11" Open.
**Approximate Shipping Weight:** 87 lbs. per 100, bulk.
**Standard Imprint Size:** 7" x 2" on outside front cover.
**Standard Imprint Colors:** Metallic Gold or Metallic Silver; Woodgrain; Black.
**Note:** "2006 Planner" is included as standard copy on top of front cover.
**Each Additional Color:** $21.00(G) set-up charge plus $.12(G) each running cost.
**Change of Copy:** $21.00(G) each.
**Packaging Options:** See page 21.
**Personalization:** See page 25.
**Cover:** Hardcover.

8104

| EACH THROUGH 7-1-05 | 50 | 100 | 250 | 500 | 750 | 1000 | 2500 |
|---|---|---|---|---|---|---|---|
| | 10.09 | 9.61 | 8.32 | 7.92 | 7.55 | 7.19 | 6.85 |
| AFTER 7-1-05 | 10.74 | 10.22 | 8.85 | 8.43 | 8.03 | 7.65 | 7.28 |

2a5b